UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METAFI PRO LIMITED, § <br> § <br> *Plaintiff*, § <br> § <br> § <br> v. § <br> § <br> § <br> NY TRADING, INC.; STARCO § <br> LOGISTICS, INC.; WENZONG DUAN § <br> d/b/a WLT TRADING, LLC; and COLONY § <br> POND MANAGEMENT, LLC, § <br> § <br> *Defendants*. § | CIVIL ACTION <br> CASE NO. 1:24-cv-1180 (DNH/CFH) <br><br> PROPOSED ORDER ON <br> PLAINTIFF'S APPLICATION FOR <br> TEMPORARY RESTRAINING ORDER <br> AND ORDER TO SHOW CAUSE WHY <br> A PRELIMINARY INJUNCTION <br> SHOULD NOT ISSUE |

## **TEMPORARY RESTRAINING ORDER**

On this day, the Court considered Plaintiff, METAFI PRO LIMITED's ("Metafi"), application for temporary restraining order. Having considered the pleadings and evidence on file with the court, this Court is of the opinion that the application should be GRANTED.

This Court finds that Metafi has demonstrated through the evidence that immediate and irreparable injury, loss, or damage will result to Metafi if Defendants, NY TRADING, INC. ("NYT"); STARCO LOGISTICS, INC. ("Starco"); WENZONG DUAN d/b/a WLT TRADING, LLC ("WLT"); and COLONY POND MANAGEMENT, LLC ("Colony Pond")(collectively, "Defendants"), are not enjoined as prayed for. Therefore, this temporary restraining order is issued to preserve the *status quo* until Metafi's application for preliminary injunction can be heard.

In order to obtain injunctive relief, Metafi has shown: (1) a substantial likelihood of ultimate success on the merits; (2) an injunctive order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunctive order would inflict on the non-movant; and (4) the injunctive order would serve the public interest. Specifically, Metafi has demonstrated

that Defendant(s) have taken possession or control of Metafi's Miners over which they have no lien or ownership rights and are further interfering with Metafi's efforts to relocate at least the 616 Miners known to be in Colony Pond's possession. Defendant(s)' lack of adequate records on the location of the 1902 Miners, and Colony Pond's refusal to permit the inspection of the 616 Miners it admits to possessing, warrant a serious, cogent, and legitimate concern that Defendant(s) will immediately sell or otherwise dispose of Metafi's Miners to evade a judgment by this Court for their own benefit and to the detriment of Metafi. Metafi has demonstrated that Defendant(s) are nearly insolvent or are disposing of their companies and/or assets and will not be able to make Metafi whole by the time it is found that they have wrongfully sold Metafi's Miners.

Metafi has also demonstrated the substantial harm to Metafi by Defendant(s) continuing to keep and likely sell Metafi's Miners, which harm far outweighs any harm to Defendant(s) caused by Defendant(s) being ordered (a) not to sell or otherwise encumber Metafi's property and (b) to stop interfering with Metafi's efforts to take possession of the Miners that have not yet been sold. Metafi has further demonstrated that third parties will not be harmed by the issuance of a temporary restraining order or injunction, particularly because all such parties known (seller, shipper, warehouser, etc.) are involved in this lawsuit. It is in the public interest to protect lawful ownership rights, as well as good faith and fair dealing in business transactions.

The Court agrees that it is necessary to enjoin Defendants given that a judgment by this court will be a hollow formality if the 1902 Miners at issue are sold by any of the Defendant(s). It is well-established that "the mere fact that economic damages may be available does not always mean that a remedy at law is 'adequate.'" *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). For example, a "district court may maintain the *status quo* and issue a preliminary injunction to protect a remedy, including a damages remedy, when the freezing of the assets is limited to the

property in dispute or its direct, traceable proceeds." *Id.* (Emphasis added). Indeed, a preliminary injunction, designed to maintain the *status quo* and protect the damages remedy is an appropriate form of relief when it is shown that the defendant is likely to be hiding funds or be insolvent at the time of judgment. *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43, 52 (1st Cir. 1986) (citing *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940)). Should Metafi's allegations prove true after a trial of the merits of this cause, the failure to prevent the imminent harm set forth herein would effectively nullify any adequate legal and/or equitable relief that could be afforded at trial. Accordingly, the Court GRANTS Metafi's application for temporary restraining order. Wherefore,

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendants, NY TRADING, INC. ("NYT"); STARCO LOGISTICS, INC. ("Starco"); WENZONG DUAN d/b/a WLT TRADING, LLC ("WLT"); and COLONY POND MANAGEMENT, LLC ("Colony Pond")(collectively, "Defendants"), together with any persons acting in concert or participation with them who receive actual notice of this order by personal service or otherwise, under FRCP 64, 65 and 66, are enjoined from, and shall preserve and protect against, the assignment, transfer, sale, purchase, and/or any other form of disposition of any rights, title, or interest in the Miners possessed by any of the Defendant(s) while the merits of the contractual dispute are resolved by this court or otherwise.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Colony Pond, together with any persons acting in concert or participation with them who receive actual notice of this order by personal service or otherwise, under FRCP 64, 65 and 66, are enjoined from, preventing Metafi from taking possession of the 616 Miners that Colony Pond admitted were in its possession; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants be given notice of and appear at the hearing on Metafi's application for temporary injunction before the Honorable Judge Presiding in the United States District Court for the Northern District of New York, on the _____ day of _____, 2024, at _____ o'clock ____.m. to show cause, if any, why a temporary injunction should not be issues as requested.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiff execute and file with the Clerk a bond in the amount of $_____.

This order shall expire at 11:59 p.m. on the 14th day following the entry of this Order, unless extended by agreement or by further Order of this Court.

SIGNED on this, the _____ day of October, 2024, at _____ o'clock ___.m. in _____, New York.

_____
HON. DAVID N. HURD