IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METAFI PRO LIMITED<br><br>*Plaintiff*,<br><br>v.<br><br>NY TRADING, INC.; STARCO LOGISTICS, INC.; WENZONG DUAN d/b/a WLT TRADING, LLC, and COLONY POND MANAGEMENT, LLC,<br><br>*Defendants*. | CASE NO.: 1:24-cv-1180-DNH-CFH<br>CIVIL ACTION |

## ATTORNEY AFFIRMATION IN RESPONSE TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

**MACKENZIE E. KESTERKE,** an attorney admitted to practice in the United States District Court for the Northern District of New York and not a party to this action, hereby affirms the following to be true under the penalties of perjury.

1. I am an attorney duly admitted to practice law in the courts of New York and the United States District Court for the Northern District and am associated with the law firm of Monaco Cooper Lamme & Carr, PLLC, attorneys for Defendant, Starco Logistics, Inc., ("Starco") and as such, I am fully familiar with all the facts, circumstances and proceedings heretofore had herein.

2. I make this affirmation in response to Plaintiff's motion for a preliminary injunction together with such other and further relief as to the Court may seem just and proper.

3. The deponent's firm was retained in this action by Starco on October 11, 2024.

4. Plaintiff submitted a motion to prevent any Defendant from the assignment, transfer, sale, purchase, and/or any other form of disposition of any rights, title, or interest in the 1902 Miners that are the subject of this action.

5. Upon information and belief, Starco does not have any Miners in its possession.

6. Upon information and belief, following receipt of the Miner machines, Starco engaged the services of a brokerage company for the transport of the Miner machines from Starco's California warehouse to New York by two 53 foot trucks. The brokerage company arranged transport through a third-party carrier for such transportation. During the transport, unbeknownst to Starco, one of the trucks was diverted to another company and the load was stolen.

7. Starco reported the theft of the load to the Pico River Sheriff's Office and upon information and belief, a criminal investigation is pending.

8. Upon information and belief, the shipment of the Miner machines in the second truck through another third-party carrier was duly delivered to its destination in New York.

9. As such, Starco does not have any Miners in its possession.

10. Upon information and belief, Starco does not have any prior relationship or control over the other Defendants in this action.

11. Furthermore, Starco also does not have a relationship or contract with Plaintiff, Metafi as it relates to the subject Miners.

12. Based on the forgoing, such relief that Plaintiff is seeking is not applicable to Starco.

**WHEREFORE,** it is respectfully requested that this Court deny Plaintiff's motion for a preliminary injunction as to Starco as it is not applicable and moot at this stage of the litigation, and for such other and further relief as to this Court may deem just and proper.

DATED: October 15, 2024

                                      MONACO COOPER LAMME & CARR, PLLC

By: _____
      MACKENZIE E. KESTERKE
      Attorneys for Starco Logistics, Inc.
      1881 Western Avenue, Suite 200
      Albany, NY 12203
      Phone (518) 855-3535