UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METAFI PRO LIMITED, § § *Plaintiff*, § § § v. § § NY TRADING, INC.; STARCO § LOGISTICS, INC.; WENZONG DUAN § d/b/a WLT TRADING, LLC; and COLONY § POND MANAGEMENT, LLC, § § *Defendants*. § | CIVIL ACTION NO. 1:24-cv-1180-DNH-CFH PLAINTIFF'S REPLY TO DEFENDANT STARCO LOGISTICS, INC.'S ATTORNEY AFFIRMATION IN RESPONSE TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION [DOC. 17] |

NOW COMES, Plaintiff METAFI PRO LIMITED ("Metafi"), and in accordance with this Honorable Court's TEXT ORDER (Doc. 13) dated October 7, 2024, respectfully submits the following Reply to Defendant, STARCO LOGISTICS, INC.'s ("Starco"), Attorney Affirmation in Response to Plaintiff's Application for Preliminary Injunction.

This Court is advised that the remaining Defendants NY TRADING, INC. ("NYT"); WENZONG DUAN d/b/a WLT TRADING, LLC ("WLT"); and COLONY POND MANAGEMENT, LLC ("Colony Pond")(collectively, "Defendants"), have been served with citation. *See* Doc. 9, 10, 12 and 16. In addition, Metafi's Notice and Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (Doc. 11), together with this Court's TEXT ORDER (Doc. 13) were mailed to each Defendant via certified mail return receipt requested, as follows:

| Defendant | TRO Mailed - Delivered | Text Order Mailed - Delivered |
|---|---|---|
| NYT | 10/04/2024 - 10/11/2024 | 10/08/2024 – 10/15/2024 |
| STARCO | 10/04/2024 - 10/08/2024 | 10/08/2024 – 10/11/2024 |

1

| WLT | 10/04/2024 - 10/09/2024 | 10/08/2024 – mail pending (e-mail 10/14/24) |
| Colony Pond | 10/04/2024 - 10/10/2024 | 10/08/2024 – 10/12/2024 |

*See* Ex. A, Affidavit of Service of Doc. 11 and Doc. 13 to All Defendants, *in globo*. No Defendant other than Starco has filed a response.

### REPLY IN SUPPORT OF PRELIMINARY INJUNCTION

On October 15, 2024, Starco filed an Attorney Affirmation in Response to Plaintiff's Application for Preliminary Injunction (Doc. 17, hereinafter referred to as "Attorney Affidavit"). Notably, the Attorney Affidavit consists of hearsay statements made by an undisclosed representative of Starco to its counsel, which counsel has no personal knowledge of the facts represented in her affidavit. *Id*. at ¶ 5, 6, 8, and 10. As stated in the Attorney Affidavit itself, counsel was retained on October 11, 2024. *See* Doc. 17, ¶ 3. The events at issue transpired between June 30, 2023 and April 24, 2024. No affidavit of a representative of Starco capable of being cross-examined has been filed to support Starco's objection to the entry of a preliminary injunction. Thus, at best, the attorney statements appear to be based on speculation and conjecture and are not based exclusively on counsel's personal knowledge, whereby they are insufficient to controvert the verified facts alleged in Metafi's Application for Preliminary Injunction. Therefore, the Attorney Affidavit should be stricken from the record in the first instance.

Even if this Court were to consider the Attorney Affidavit, the same is insufficient to defeat Metafi's application for preliminary injunction. Indeed, the fact alleged by Starco's counsel support Metafi's claims against Starco. Of relevance, Starco's counsel asserts the following to argue that the relief sought by Metafi does not apply to Starco:

1. Upon information and belief, Starco does not have any Miners in its possession.

> 2. Upon information and belief, **following receipt of the Miner machines**, **Starco engaged the services of a brokerage company for the transport of the Miner machines** from Starco's California warehouse to New York by **two 53 foot trucks**. The **brokerage company arranged transport through a third-party carrier** for such transportation. During the transport, unbeknownst to Starco, one of the trucks was diverted to another company and the load was stolen.
>
> 4. Upon information and belief, the shipment of the Miner machines in the **second truck** through another third-party carrier was duly delivered to its destination in New York.
>
> 5. As such, Starco does not have any Miners in its possession.

*See* Doc. 17, ¶¶ 5, 6, 8 and 9. (Emphasis added). In summary, Starco's counsel admits that Starco was in possession of Metafi's Miners at some point, but claims it lost possession of same in the process of double-brokering transportation of the same to an undisclosed site in New York. Notably, Starco's counsel makes no definitive statement that the Miners are not actually in Starco's possession. Rather, she states only that "[u]pon information and belief" they are not so.

A broker is one who arranges for transportation "by an authorized motor carrier." Brokerage services can be performed "on behalf of a motor carrier, a consignor or consignee" not on behalf of another broker. See 49 C.F.R. Sec. 371.2. A broker is required to keep records, showing the amount of freight charges it collected and "the date of payment to the carrier." *See* 49 C.F.R. Sec. 371.3. Any company that brokers a load in violation of such an expressed warranty has committed misrepresentation and a technical violation of the regulations that provide "a broker shall not directly or indirectly represent its operations to be that of a carrier." *See* 49 C.F.R. Sec. 371.7.

This Court is reminded that on July 7, 2023, Metafi and New York Trading Company, Inc. ("NYT") entered into a Logistics Service Agreement ("Shipping Agreement"), whereby NYT was to ship the Miners it had sold to Metafi from Hong Kong, China, and Thailand to the United States

3

and other regions. To the extent the shipment was delegated to Starco without notice to Metafi, NYT has illegally double-brokered transportation of Metafi's Miners. To the extent Starco then "engaged the services of a brokerage company for the transport of the Miner machines" to an unspecified location in New York as it contends, again without notice to Metafi, Starco has illegally double-brokered Metafi's Miners. These matters fall squarely within Metafi's Fourth and Fifth Claims for Relief and warrant entry of a preliminary injunction including Starco. *See* Doc. 1, ¶¶ 54-65.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, METAFI PRO LIMITED., respectfully prays that the Court enter a preliminary injunction as prayed for against each of the Defendants named in this cause, and for all other relief, legal or equitable, direct or consequential, to which Plaintiff may show itself to be justly entitled.

Signed on October 16, 2024.

Respectfully submitted,

/s/Henna Ghafoor
HENNA GHAFOOR (LEAD, PRO HAC)
FEDERAL BAR NO.: 2258471
TBN: 24079867
hghafoor@mp-lg.com
ETHAN ZHANG
FEDERAL BAR NO.: 3856063
TBN: 24124466
ezhang@mp-lg.com
MOSAIC Paradigm Law Group PC
10370 Richmond Avenue, Suite 850
Houston, Texas 77042
Telephone: (281) 805-7169
Facsimile: (281) 805-7172

Benjamin W. Hill (LOCAL)
NYBN: 514953
ben@capezzahill.com
CAPEZZA HILL, LLP
30 South Pearl Street, Suite P-110
Albany, New York 12207
o. 518 478 6065
m.518 879 0023
f. 518 407 5661

**ATTORNEYS FOR PLAINTIFF,
METAFI PRO LIMITED**

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 16th day of October, 2024, the forgoing instrument was served on all parties or their counsel in accordance with the Federal Rules of Civil Procedure.

*/s/Henna Ghafoor*
Henna Ghafoor