UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

METAFI PRO LIMITED,

        Plaintiff,

        -v-                1:24-CV-1180

NY TRADING, INC.; STARCO
LOGISTICS, INC.; WENZONG
DUAN d/b/a WLT TRADING, LLC;
and COLONY POND
MANAGEMENT, LLC,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER GRANTING PRELIMINARY INJUNCTION

On September 26, 2024, plaintiff Metafi Pro Limited ("Metafi" or "plaintiff") commenced this federal diversity action against defendants NY Trading, Inc. ("NY Trading"), Starco Logistics, Inc. ("Starco"), Wenzong Duan d/b/a WLT Trading LLC ("WLT"), and Colony Pond Management, LLC ("Colony Pond") (collectively "defendants"). Dkt. No. 1. Plaintiff's eight-count complaint asserts claims for breach of contract, double-brokering, conversion, fraudulent inducement and fraudulent misrepresentation, strict liability, and conspiracy. *Id.*

According to Metafi, it contracted with NY Trading to purchase 4,500 computers capable of mining Bitcoin ("miners"). Dkt. No. 1. Plaintiff also hired NY Trading to transport those miners from China and Thailand to the United States where the miners would be hosted by Colony Pond here, in New York. *Id.* NY Trading then contracted with WLT to handle logistics related to transporting the miners and clearing U.S. customs. *Id.* WLT in turn contracted with Starco. *Id.*

What followed was a breakdown in the chain of command: NY Trading only delivered 4,365 of the 4,500 miners contracted for to the United States. Dkt. No. 1. Of those 4,365 miners, NY Trading delivered only 1,902 miners to Colony Pond. But of the 1,902 miners shipped to Colony Pond, only 616 made it there. To make matters worse, the 616 miners that made it to Colony Pond came from a shipment that actually contained 934 of plaintiff's miners. *Id.* Colony Pond has since retained possession of the missing miners, including the 616 miners it reported were actually delivered and the remaining 318 miners reportedly "missing."[1] *Id.*

On October 3, 2024, plaintiff filed an emergency motion for a temporary restraining order ("TRO") and a preliminary injunction ("PI") enjoining all defendants from thwarting their ownership interest in the miners and Colony

---

[1] Metafi remains unsure precisely how many miners Colony Pond actually has in its possession. Dkt. No. 1.

Pond from interfering with plaintiff's attempt to recover the miners currently in its possession. Dkt. No. 11. The Court denied plaintiffs' request of a TRO and a briefing schedule was set for plaintiff's request for a preliminary injunction. Dkt. No. 13.

Those deadlines have since expired. Metafi has properly served all defendants with the operative pleading and its motion papers. Dkt. Nos. 9, 10, 12, 16. Defendants have not properly opposed plaintiff's motion.[2] Accordingly, plaintiff's motion for a preliminary injunction will be granted as unopposed.[3]

Therefore, it is

ORDERED that

1. Plaintiff's request of a preliminary injunction is GRANTED as unopposed; and

---

[2] Colony Pond filed an attorney affidavit as a means of opposition to Metafi's motion. Dkt. No. 19. However, consistent with the local rules, a party filing opposition papers must file a *memorandum of law*. N.D.N.Y. L.R. 7.1(b) ("Except as otherwise provided in this paragraph, all motions and opposition to motions require a memorandum of law[.]"). Further, attorney affidavits are not a place to present legal arguments, but rather to present the relevant factual and procedural background relevant to the motion. N.D.N.Y. L.R. 7.1(b)(2). Accordingly, Colony Pond has not properly opposed plaintiff's motion.

[3] Generally, a preliminary injunction may not issue unless the movant "gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); *see also Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 557 (2d Cir. 2011). But the district court is vested with "wide discretion in the matter of security," and may waive bond if there is "no proof of likelihood of harm" to the non-movant. *Gov't Emps. Ins. Co. v. Relief Med., P.C.*, 554 F. Supp. 3d 482, 505 (E.D.N.Y. 2021). Upon the Court's independent review of the record, and in light of defendants' failure to oppose the motion, there is no obvious likelihood of harm to defendants. Accordingly, the Court will waive the bond requirement.

2. Defendants, together with any persons acting in concert or participation with them who receive actual notice of this order by personal service or otherwise, are PRELIMINARILY ENJOINED from:

> (a), the assignment, transfer, sale, purchase, and/or any other form of disposition of any rights, title, or interest in the miners possessed by any of the Defendant(s) while the merits of the contractual dispute are resolved by this court or otherwise; and

3. Defendant Colony Pond, together with any persons acting in concert or participation with them who receive actual notice of this order by personal service or otherwise, are PRELIMINARILY ENJOINED from:

> (a)  interfering with plaintiff taking possession of the 616 miners currently in its possession.

IT IS SO ORDERED.

*David N. Hurd*
U.S. District Judge

Dated:  October 24, 2024
  Utica, New York.