# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

Metafi Pro Limited

    vs                              **Case No.**    1:24-cv-1180 (DNH/CFH)

NY Trading, Inc. et al.

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff, Metafi Pro Limited ("Metafi"), and Defendant, Starco Logistics ("Starco"), and file this joint civil case management plan pursuant to the Court's Revised General Order #25 in connection with the Rule 16 Conference scheduled via teleconference before the Honorable Christian F. Hummel, United States Magistrate Judge, on December 27, 2024, at 10:00 a.m.

Counsel for Metafi and Starco, the only defendant having made an appearance in these proceedings despite all defendants having been served, conferred in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below via e-mail and telephone before the scheduled Rule 16 Conference. A report of the results of the conference is as below:

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before March 3, 2025.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before July 31, 2025.

3. **DISCOVERY**: All discovery in this action shall be completed on or before September 15, 2025. **(Discovery timetable is to be based on the complexity of the action).**

4. **MOTIONS:** All motions, including discovery motions, shall be made on or before September 30, 2025. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25).**

5. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before May 30, 2025 (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before July 31, 2025 (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before August 15, 2025 (at least 30 days before the close of discovery).

6. **MANDATORY MEDIATION**: A stipulation selecting mediator must be filed on or before August 15, 2025. Mediation must be completed on or before September 30, 2025.

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before December 1, 2025, assuming entry of default against Defendants that have failed to appear despite service. It is anticipated that the trial will take approximately 2 days to complete if no other Defendant appears and up to 7 days if other Defendants appear. The parties request that the trial be held in Albany, N.Y. (The proposed date for the commencement of trial must be within 18 months of the filing date).

8. **Have the parties filed a Jury Demand?   X   (YES)_____(NO).**

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**

    This Honorable Court has diversity jurisdiction under 28 U.S.C. § 1332 because no defendant is a citizen of the same State as plaintiff, and the amount in controversy is more than $75,000, not counting interest and costs of court. Jurisdiction is also proper because substantial part of the conduct made the basis of this suit took place within this judicial district, and the actions of Defendants leading to Plaintiff's damages took place, in part, within this judicial district. Specifically, this Court has jurisdiction over Defendants as they each are alleged to have committed tortious acts within this judicial district; failed to perform contractual obligations within this judicial district; and made statements and representations to individuals for services to be provided within this judicial district. This Honorable Court also has original federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331 because Plaintiff has asserted a cause of action arising under the laws of the United States, specifically 49 U.S.C § 14706. The Complaint alleges the citizenship of each party.

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**

    Yes, the parties are subject to the Court's jurisdiction. All parties have been served, but only Defendant Starco has made an appearance through counsel.

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**

    **Plaintiff:** Plaintiff filed its verified complaint against New York Trading, Inc.; Starco Logistics, Inc.; Wenzong Duan d/b/a WLT Trading, LLC; and Colony Pond Management, LLC, relating to the disappearance of thousands of WhatsMiner Server-M50s ("Miners") ordered and paid for by Metafi. [Doc. 1]. Despite all Defendants having been served in October 2024, only Defendant Starco has timely appeared in these proceedings. Therefore, Plaintiff's facts against the remaining defendants are uncontroverted and warrant entry of default and a default judgment in favor of Plaintiff on all claims against all defendants, excluding Starco.

    As to Defendant Starco, Plaintiff submits that on or about June 30, 2023, Metafi and New York Trading, Inc. ("NYT") entered into a Sales and Purchase Agreement ("Purchase Agreement") for the purchase of 4,500 WhatsMiner Server-M50 with the hashrate of 120T and delivery of total hashrate of no less than 540,000 TH ("Miners"). This fact is uncontroverted by NYT. "Hashrate" refers to the total combined computational power that is being used to mine and process transactions on a Proof-of-Work blockchain, such as BitCoin.

    Under the Purchase Agreement, it is undisputed by NYT that NYT was required to deliver the Miners to Metafi's designated hosting sites within 10 working days. On or about July 7, 2023, Metafi and NYT entered into a Logistics Service Agreement ("Shipping Agreement"), whereby NYT was to ship the Miners it had sold to Metafi from Hong Kong, China, and Thailand to the United States and other regions. The agreement became effective as of June 29, 2023, per terms set forth in recitals. This facts are also uncontroverted by NYT.

    NYT contracted with Defendant WLT for international logistics and customs clearance services relating to the Miners. WLT, in turn, contracted with Starco to transport and/or store the Miners within the U.S. pending instructions from NYT on further shipments to Metafi's designated hosting sites. On information and belief, NYT, in conjunction with WLT and Starco, arranged for said shipment either negligently or with reckless disregard for the protection of the Miners from loss or theft. As a result, only 616 Miners reportedly reached Colony Pond. Taking NYT's shipment figure of 1,902 as true, for the 1286 Miners lost or stolen on NYT/WLT/Starco's watch, Metafi has been damaged in the amount of USD $2,512,983.00 ($2,391,960 Equipment value, plus cost of shipping and customs).

    In addition, Metafi has lost mining revenue associated with the missing Miners. Metafi conservatively estimates that from December 1, 2023, to August 31, 2024, the potential

profit for operating 1286 Miners would be 55.19 bitcoins. After factoring in costs, the associated profit loss is estimated at over USD $2,759,500.00 and continues to accrue.

Accordingly, Plaintiff has sued Defendant Starco in connection with the double brokering transportation of Plaintiff's cargo in violation of 49 C.F.R. Sec. 371; conversion; strict statutory liability under 49 U.S.C § 14706 under which common carriers transporting goods interstate under a bill of lading are liable to the person entitled to recover under the bill of lading for actual loss of property; and conspiracy with other Defendants.

**Defendant Starco:** Defendant Starco denies any liability or negligence in this action. Starco does not have a contractual relationship with Metafi; nor does Starco have any other relationship, agreement, obligation or duty to/or with Metafi. Starco is not a party to the Sales and Purchase Agreement between Metafi and NYT. Starco further denies any contractual relationship with NYT, WLT Trading, or Colony Pond. Starco did not enter into a contract with WLT to transport Miners within the US. Moreover, Starco denies any negligence or reckless disregard for the protection of the Miners in the storage or shipment of the same. Any claims relating to the storage and shipment of the Miners should only be directed to the co-defendants, NYT, WLT, and Colony Pond. Starco denies any double brokering, conspiracy, fraud, or negligence in this matter.

12. **What factual and legal issues are genuinely in dispute?**

    Please see Plaintiff's and Defendant's responses to No. 11 above, which are incorporated by reference, herein.

13. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

    **Plaintiff:** Plaintiff submits that entry of default and default judgment in favor of Plaintiff as against all Defendant, except Starco, is warranted at this time and would narrow the issues in litigation.

    **Defendant Starco:** Unknown at this time.

14. **What specific relief do the parties seek? What are the damages sought?**

    **Plaintiff:**   Against NYT, under the Purchase Agreement, Plaintiff seeks USD $423,956.00, which represents the purchase price of $251,100.00 for the 135 Miners short, plus the resulting shortfall of 27,352 TH at $15.50 per TH for those same Miners, together with expectancy, reliance, and restitution damages, as well as, Metafi's reasonable and necessary attorney's fees and costs.  In addition, under the Shipping Agreement, Metafi has been damaged in the principal amount of USD $2,512,983.00. Metafi has also lost mining revenue associated with these 1,286 Miners undelivered to Colony Pond. Metafi conservatively estimates that the potential profit for operating 1286

<u>Miners from December 1, 2023, to August 31, 2024, is around 55.19 bitcoins. After factoring in costs, the associated profit loss is estimated at over USD $2,759,500.00, and continues to accrue, together with expectancy, reliance, and restitution damages, as well as, Metafi's reasonable and necessary attorney's fees and costs.</u>

<u>Against Colony Pond, under the Hosting Agreement between Metafi and this Defendant, Metafi seeks USD $1,737,240.00 for the 934 Miners of which Colony Pond retains possession to Metafi's detriment, together with USD $1,958,500.00 in lost profits relating to the 39.17 bitcoins the 934 miners would conservatively have produced, together with expectancy, reliance, and restitution damages, as well as, Metafi's reasonable and necessary attorney's fees and costs.</u>

<u>Against NYT, WLT, and **Starco**, for all valid claims regardless of the amount as permitted by the Federal Motor Carrier Safety Administration ("FMCSA") for their respective roles in double brokering shipment of Metafi's Miners in violation of 49 C.F.R. Sec. 371.</u>

<u>Against WLT, **Starco**, and Colony Pond, USD $3,652,969.00, which represents the value of the 1,902 Miners gone missing under WLT/Starco. Of this amount, USD $1,437,782.00 is attributable to Colony Pond.</u>

<u>Against NYT, WLT, and **Starco**, USD $2,512,983.00, which represents the value of the 1,902 missing unit of the Miners that NYT, WLT, and Starco shall be strictly liable for under 49 U.S.C § 14706.</u>

<u>Metafi also seeks all damages to which Metafi is entitled for the alleged conspiracy amongst NYT, WLT, and **Starco**.</u>

<u>To this end, Metafi prays for recovery of actual damages; economic losses and lost business opportunity; expectancy, reliance, and restitution damages; exemplary and punitive damages for Defendants' fraud in an amount to be deemed appropriate by the trier of fact; reasonable and necessary attorney fees as provided for by law; costs of suit; pre- and post-judgment interest; and all other relief, legal or equitable, direct or consequential, to which Metafi may show itself to be justly entitled.</u>

**Defendant Starco:** <u>Defendant seeks dismissal of the Complaint in its entirety.</u>

15. **DISCOVERY PLAN**

    A. **Mandatory Disclosures**
    The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B. **Subjects of Disclosure**
    The parties jointly agree that discovery will be needed to address the following subjects:

<u>Plaintiff's live pleadings in this lawsuit; Defendant(s)' live pleadings in this lawsuit, including any allegations raised in this pleading; relevant contracts; contractual relationships between various parties; facts and circumstances surrounding the claims and defenses; and plaintiff's alleged damages.</u>

C. **<u>Discovery Sequence</u>**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

<u>Discovery does not need to be conducted in phases. The parties anticipate being able to complete discovery 90 days before trial.</u>

D. **<u>Written Discovery</u>**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

<u>The parties anticipate serving written discovery demands including Interrogatories, Requests for Production, Notice(s) to Admit, third-party subpoenas, etc. upon each other, as well as on non-appearing Defendants, following submission of Initial Disclosures and in compliance with the discovery deadline.</u>

E. **<u>Depositions</u>**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

**Plaintiff:** <u>Plaintiff anticipates taking oral depositions of: (1) individual(s) and/or representatives of companies identified in the parties' live pleadings and through discovery (2) Defendant(s)' expert(s), if any; and (3) any fact witnesses identified by Defendant(s). Plaintiff will take these oral depositions by the discovery deadline. Subject to disclosure of witnesses during discovery, Plaintiff anticipates taking approximately four (4) depositions, one representative of each Defendant, either in-person or via Zoom to accommodate the parties and counsel. No non-party fact depositions are anticipated at this time, but Plaintiff reserves its rights in this regard subject to discovery and the disposition of non-appearing Defendants.</u>

**Defendant Starco:** <u>Defendant anticipates taking the oral deposition of one or more individual and/or representative(s) of Metafi; Plaintiff's expert witness(es), if any; and any fact witnesses identified throughout discovery.</u>

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

**Plaintiff:** Plaintiff may retain an expert to address lost mining revenue associated with the missing Miners.

**Defendant Starco:** Unknown at this time.

The parties agree that no variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court are needed at this time.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

The parties shall undertake reasonable efforts to preserve potentially relevant electronically stored information. The parties shall mutually agree on the preferred forms for exchanging electronically stored information. To the extent the parties are unable to agree despite their best efforts, appropriate relief will be sought from the Court.

H. **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The parties may require a protective order to protect sensitive business information. The parties will negotiate and submit a proposed protective order to the Court. To the extent the parties are unable to agree despite their best efforts, appropriate relief will be sought from the Court.

    I. **Anticipated Issues Requiring Court Intervention**
Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

    None known at this time.

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

    Unknown at this time.

17. **Are there any related cases pending before the Judges of this Court?** ___No___

18. **In Class Actions, when and how will the class be certified?** ___No___

19. **What are the prospects for settlement? Please check below the prospect for settlement:**

    1____2____3____4____5_X_6_____7____8____9____10____
    (Very unlikely → → →  →  →  →  Likely)

    A. Settlement cannot be evaluated prior to September 15, 2025.
    B. How can settlement efforts be assisted?

    Unknown at this time. The parties submit that discovery is needed to assist them in establishing a settlement position.

    *(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

    **Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47*.**

20. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

        A.    Reviewed General Order #47                    Yes__X__No ___

        B.    Reviewed the List of Court Approved
               Mediators available on the NDNY website?    Yes__X__No ___

        C.    Prepared to discuss with the Court, at the        Yes__X__No___
               conference, whether your case should be

|   |   |   |
|---|---|---|
|   | opted out of the program? |   |
| D. | Discussed the time frame needed to complete Mandatory Mediation? | Yes__X__ No____ |

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held via e-mail on December 5, 2024, followed by a teleconference for further discussion on December 11, 2024, and was attended by:

*/s/Henna Ghafoor* for plaintiff, Metafi Pro Limited

*/s/Mackenzie E. Kesterke* for defendant, Starco Logistics